10-2758-ag
Chen v. Holder

BIA
Van Wyke, IJ
A073 190 139

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand eleven.

PRESENT:
JON O. NEWMAN,
ROBERT A. KATZMANN,
GERARD E. LYNCH,
 *Circuit Judges.*

_____

WEN GUANG CHEN,
 *Petitioner*,

 v.                                    10-2758-ag
                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, UNITED STATES
DEPARTMENT OF JUSTICE,
 *Respondents*.

_____

FOR PETITIONER:     Wen Guang Chen, *pro se*, Brooklyn, N.Y.

FOR RESPONDENTS:    Tony West, Assistant Attorney General;
                    Richard M. Evans, Assistant Director;
                    Jeffrey J. Bernstein, Attorney, Office of
                    Immigration Litigation, Civil Division,
                    United States Department of Justice,
                    Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen Guang Chen, a native and citizen of China, seeks review of a June 17, 2010 order of the BIA affirming the August 13, 2008 decision of Immigration Judge ("IJ") William P. Van Wyke denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Guang Chen*, No. A073 190 139 (B.I.A. June 17, 2010), *aff'g* No. A073 190 139 (Immig. Ct. N.Y. City Aug. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-68 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 528 F.3d 99, 110 (2d Cir. 2008).

This petition arises from proceedings following the IJ's grant of reopening. Accordingly, the IJ did not err in declining to consider Chen's arguments that he feared persecution based on China's family planning policy and his participation in the 1989 pro-democracy movement because Chen had presented, and waived, those same arguments in his original proceedings and did not present any new evidence in the reopened proceedings. *See Singh v. Gonzales*, 468 F.3d 135, 139 (2d Cir. 2006) ("Motions to reopen are designed to allow consideration of circumstances that have arisen subsequent to the applicant's previous hearing."); *Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005) (concluding that BIA did not err in declining to address petitioners' already litigated claims in reopened proceedings where reopening had been granted to allow the petitioners to present new evidence).

Additionally, the agency did not err in finding that Chen did not establish his eligibility for relief based on his practice of Christianity or his illegal departure from China. Although Chen argues that the agency failed to consider all of his evidence, the record does not compel that conclusion as the IJ specifically referenced the

3

testimony of both Chen and his cousin, Chen's evidence of conditions in China, and the letters Chen submitted as corroboration. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006)("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

Additionally, substantial evidence supports the agency's conclusion that Chen did not establish a well-founded fear of persecution as a Christian. Because Chen did not allege that he was personally subjected to past persecution on account of his faith or that there was any reason why he would be "singled out individually for persecution," he was required to establish a pattern or practice of persecution of similarly situated persons. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008). The agency reasonably concluded that the record did not establish such a pattern because the evidence of the mistreatment of some Christians in China does not compel the conclusion that there is a pattern of persecution so systematic or pervasive that the millions of Christians in China are at risk.[1] *Cf. Santoso v. Holder*, 580 F.3d 110,

_____

[1] Chen requests that we take judicial notice of State Department reports in China to supplement the record, but

4

112 (2d Cir. 2009) (concluding that substantial evidence supported the agency's determination that the mistreatment of some ethnic Chinese in Indonesia did not establish a pattern or practice of persecution in part because Indonesia is a large country).

Indeed, as the IJ found, the record provided inconsistent information about Chen's faith, undermining his claim to an objectively reasonable fear of persecution.[2] For example, in Chen's 1993 asylum application he stated that he was a Buddhist, but following reopening he testified that he attended an underground church in China before 1993, while his cousin testified that Chen had attended only government sanctioned churches. Similarly, despite Chen's testimony that he had attended church in the United States since 1994, his church only confirmed that he had attended since 2007. The IJ reasonably concluded that this evidence

we decline to do so. *See* 8 U.S.C. § 1252(b)(4)(A) (providing that this Court must "decide the petition only on the administrative record on which the order of removal is based").

[2] Because the IJ never made an explicit adverse credibility determination, the BIA assumed that Chen's testimony was credible, and we assume the same now. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000). Accordingly, we do not address Chen's argument that the agency erred in finding his testimony incredible.

5

undermined Chen's claim to a well-founded fear of persecution because his lack of engagement with Christianity suggested that he might not provoke action from the authorities and he might attend a government sanctioned church. Based on the evidence about Chen's faith and the evidence of country conditions, the agency reasonably concluded that Chen did not establish a well-founded fear of persecution, and thus did not err in denying his applications for asylum and withholding of removal. *See Jian Hui Shao*, 546 F.3d at 156.

Finally, the agency reasonably denied CAT relief because Chen did not present any particularized evidence establishing that he would be tortured because of his illegal departure from China. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 60 (2d Cir. 2005) (holding that a petitioner is not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China" and noting that generalized country conditions reports stating that some Chinese prisoners have been tortured "by no means establish that prisoners in [the petitioner's] circumstances . . . are 'more likely than not' to be tortured").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk